body is to inquire into all matters charged to be offenses against the United States, committed or triable in the district, and its power is in this respect unlimited. It is only at a later stage of the proceedings that the prosecution comes entirely under the direction of the district-attorney. After indictment found and until trial commenced, his authority may be said to be absolute. He can then abandon the prosecution at his pleasure. He can enter a nolle prosequi, even without the consent of the court. He can do this before the arraignment of the accused; or he may do it after issue joined; he can do it at any time until the jury is impanneled; and after the trial has commenced he can do it with the consent of the defendant. Having power to this extent over the prosecution after indictment found, it might seem to be a matter of little practical importance, whether the proceedings terminate at his instance before the commissioner, or subsequently by a nolle prosequi before the court.

But the question is not as to what course the prosecuting attorney of the government may subsequently pursue in case his direction to the commissioner is disregarded, but how far that officer is bound to act upon the direction; and we are clear that he must act upon his own judgment of the law and evidence, and not upon that of any other person. And it is important that each officer of the government should take his appropriate share of responsibility, without reference to the possible action of others.

---

## Case No. 16,236.

### UNITED STATES v. SCHUMENANT.

[Cited in Cully v. Baltimore & O. R. Co., Case No. 3,466. Nowhere reported; probably no opinion delivered.]

---

## Case No. 16,237.

### UNITED STATES v. SCHWARTZ.

[4 Cranch, C. C. 160.] [1]

Circuit Court, District of Columbia. May Term, 1831.

OBSTRUCTION OF PRIVATE WAYS — INDICTMENT — PUBLIC ROADS.

1. The obstruction of a way laid out for the accommodation of the owners of certain lots, by the original proprietor thereof, and not as a common highway, is not properly the subject of indictment; and the circumstance that the public might pass over a road does not make it a public road, although laid off and dedicated by the original owner of the land as a public road, and ever since used as such.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

2. There can be no public road in the county of Washington, D. C., out of the cities and towns, unless it be recorded as such in this court or the levy court.

[Followed in U. S. v. Emery, Case No. 15,052.]

Conrad Schwartz was indicted for obstructing a public highway.

Mr. Key, for defendant, contended that it was only a private way for the accommodation of those who purchased lots of General Forrest. There can be no highway in Maryland unless it be of record, and to be repaired by the county; and he cited Act Md. 1785, c. 49, respecting private ways (3 Har. & J. 436), and Act Md. 1704, c. 21, for the marking and recording of public roads.

Mr. Swann, for the United States, contra, cited Rex v. Lloyd, 1 Camp. 260; Daniel v. North, 11 East, 375; and 1 Hawk. P. C. 366.

Several deeds were produced, and read to the jury, from General Forrest to sundry persons, bounded by this road, calling it a public road, as laid out by Archibald Orme.

THE COURT (THRUSTON, Circuit Judge, contra) instructed the jury, at the prayer of the defendant's counsel, that if they should be satisfied by the evidence, that the road was laid out or reserved by General Forrest, in selling out the lots of his land, as a road for the accommodation of the lot-holders under his sales, and not as a common highway, then the obstructing of the road is not properly the subject of indictment. And further, that if they should be satisfied by the evidence, that the road was intended and laid out by General Forrest for the accommodation of the lot-holders who purchased under him, then the circumstance that the public might pass over it, does not make it a public road.

Mr. Swann then prayed the court to instruct the jury, that if they should be of opinion that it was laid off and dedicated by U. Forrest, the original owner of the lands through which the said road passed, as a public road, and has been, ever since, used as such, then it would be competent for the jury to consider it a public road and common highway.

But THE COURT (THURSTON, Circuit Judge, contra) refused to give that instruction; but instructed the jury that there could be no public road in this county, out of the cities and towns, unless it be recorded as such in this court or the levy court. See Act Md. 1704, c. 21.

Verdict for the defendant.

---

## Case No. 16,238.

### UNITED STATES v. The SCIENCE.

[See Case No. 16,239.]